**James L. GETAZ et al., Appellants, v. COLONY COAL AND COKE CORPORATION et al., Appellees.**

**COLONY COAL AND COKE CORPORATION et al., Cross-Appellants, v. James L. GETAZ et al., Cross-Appellees.**

Nos. 5547, 5585.

Circuit Court of Appeals, Sixth Circuit.

Jan. 8, 1931.

W. T. Fowler, of Lexington, Ky. (Fowler, Wallace & Fowler, of Lexington, Ky., on the brief), for Getaz.

Lewis A. Nuckols, of Roanoke, Va. (Jesse Morgan, of Hazard, Ky., on the brief), for Colony Coal & Coke Co.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM.

This litigation involves interests in three tracts of land in Perry county, Ky.: (1) An interlock of about 35 acres between the Elijah Combs, Jr., 1,000-acre survey of January 31, 1846, and the Gideon Everidge 300-acre survey of August 15, 1847, located on the waters of Acup and White Oak creeks, and known as the Crit Crouch tract; (2) the Elias Combs 200-acre survey situated on Acup creek; and (3) the John "Greasy" Combs tract, consisting of about 100 acres situated on Mills Seat branch of Acup creek. The decree below adjudged the minerals underlying the first two of these tracts to appellees, and those underlying the third to appellants. From so much of it as relates to the third tract there is a cross-appeal.

The parties are referred to herein as they are designated on the original appeal. There is no controversy between them as to the law or its proper application. Appellees claimed

title to the first tract under the Combs survey. Appellants claimed under the junior survey to Everidge, and also by adverse possession. As appellees traced their title to Combs, the decree as to this tract turned on appellants' claim of possession. The claims of both parties as to the second tract run back to Elias Combs; appellees claiming through Combs' deed to Trigg, trustee, of July 21, 1887, and appellants through a later deed from Combs to Leslie Combs. Appellants further claimed by adverse possession, contesting the validity of appellees' title upon three grounds: First, that the description in the deed from Combs to Trigg was too vague and indefinite to convey title; second, the deed was superseded by another deed between the same parties which did not cover the land; and, third, Combs' title was void because the land was covered by senior patents thereto issued to E. C. Morgan. Appellees' claim as to the third tract involved the construction, as aided by extrinsic evidence, of a deed from Eversole, master commissioner, to Elias Combs. They contended that the land conveyed therein, described as "all the land inside the boundary of said 400-acre survey on the waters of Acup Creek below said conditional line," included not only the land actually lying on main Acup creek below that line, but also the land lying on Mills Seat branch, a tributary of Acup.

It will be seen from the foregoing that the decision below as to each tract turned on an issue of fact or the construction of a deed as aided by extrinsic evidence. The trial court fully considered all these questions in his opinion. As a discussion of them in this opinion would serve no useful purpose, it is enough for us to say that in our opinion the decree is in all respects right. It is accordingly affirmed.